**John L. Laskey (JL1424)**
**STARK & STARK**
**A Professional Corporation**
**993 Lenox Drive**
**Lawrenceville, New Jersey 08648**
**(609) 896-9060**
**Attorneys for Steward Financial Services**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br><br>JULIET A. DIXON,<br><br>                 Debtor. | Case No. 17-12483 (AMC)<br><br>Chapter 13 |

**OBJECTION OF STEWARD FINANCIAL SERVICES**
**TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

**Date of Hearing: June 6, 2017 at 10:00 am**

Steward Financial Services ("**Steward**"), a creditor and party in interest, by and through its attorneys, Stark & Stark, a Professional Corporation, objects to confirmation of the Debtor's Chapter 13 plan, and in support thereof, says:

1. The Debtor, Juliet A. Dixon, is indebted to Steward pursuant to the terms of a retail installment sale contract dated March 4, 2015 (the "**Contract**"). Pursuant to the Contract, the Debtor purchased a 2012 Kia Sorento (the "**Vehicle**") and agreed to pay $17,766.64, together with interest at a rate of 16.99%, by making 72 monthly payments of $397.78 beginning April 18, 2015.

2. The Debtor filed a Chapter 13 petition on April 7, 2017 (the "**Petition Date**"). As of the Petition Date, the Debtor was in arrears for the payments due February 18, 2017 and March 18, 2017. The Debtor has not made any payments to Steward since February 6, 2017.

3. Steward filed a secured proof of claim on May 9, 2017 for $15,795.90. The proof of claim reflected arrears of $811.48.

4. The Chapter 13 plan provides for the Debtor to make 60 monthly payments of $325.00. From this total, the plan provides for payment of $2,000.00 to the Debtor's attorney and $15,466.00 plus interest at 4.5% for a total of $17,299.98 to Steward.

5. Steward objects to confirmation of the plan because it does not provide for adequate protection to Steward of its secured claim and the interest rate is too low. The Debtor has continued to use Steward's collateral resulting in further depreciation without providing any compensation to Steward. Steward is entitled to be compensated as an administrative expense for the post-petition use of the Vehicle.

6. In addition, the interest rate in the plan is too low. The interest rate should be at least 6.0%, the current prime rate plus 2.0%.

7. Steward accordingly objects to confirmation and requests that confirmation be denied.

                  STARK & STARK
                  A Professional Corporation
                  Attorneys for Steward Financial Services

                  By: /s/ John L. Laskey
                        John L. Laskey

Dated: May 30, 2017